IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HEATHER CONNER,

    Plaintiff,

v.

RELIANCE STEEL & ALUMINUM CO.'s
LONG TERM DISABILITY PLAN,

    Defendant.

No. C 09-02487 JSW

**ORDER GRANTING IN PART MOTION TO AUGMENT THE ADMINISTRATIVE RECORD**

    Now before the Court is Plaintiff Heather Conner's motion for an order directing Defendant to augment the administrative record and for leave to conduct discovery. This matter is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for January 15, 2010 is HEREBY VACATED. Having considered the parties' arguments, relevant legal authority, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion to augment the administrative record and for leave to conduct discovery.

    Plaintiff brings this motion to conduct discovery regarding defendant Life Insurance Company of North America ("LINA") and Reliance Steel & Aluminum Co.'s Long Term Disability Plan (collectively "Defendants") conflict of interest. Plaintiff argues that there was an apparent conflict of interest because LINA acted as both the funding source and the administrator of the ERISA plan. *See Metropolitan Life Ins. Co. v. Glenn*, __ U.S. __, 128 S.

Ct. 2343, 2348 (2008) ("If a benefit plan gives discretion to an administrator or fiduciary who is *operating under a conflict of interest*, that conflict must be *weighed as a factor* in determining whether there is an abuse of discretion.") (emphasis in original, internal quotations omitted); *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir.2006) ("an insurer that acts both as the plan administrator and the funding source for the plan operates under what may be termed a structural conflict of interest"). Under *Glenn* and *Abatie*, a court must consider a conflict of interest as a factor to be weighed in abuse of discretion review. *Glenn*, 128 S.Ct. at 2350-52; *Abatie*, 458 F.3d at 970. In determining how much weight to give a conflict of interest under the abuse of discretion standard, courts may consider evidence outside the administrative record. *Abatie*, 458 F.3d at 970 ("The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established by extrinsic evidence or otherwise."); *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir. 2007).

In *Welch*, the court implicitly held that a plaintiff may conduct discovery in order to show a conflict of interest. In reviewing the district court's determination of attorney's fees, the Ninth Circuit stated that, "[b]ecause an ERISA plaintiff may be permitted to supplement the administrative record with evidence of a conflict of interest on the part of the defendants, ... *some* discovery aimed at demonstrating a conflict of interest may have been appropriate." *Id*. at 949-50 (emphasis in original); *see also Gullidge v. Hartford Life & Accident Ins. Co.*, 501 F. Supp. 2d 1280, 1283 (C.D. Cal. 2007) (citing *Welch* for the proposition that conducting discovery regarding whether a conflict of interest existed is appropriate).

Based on the structural conflict of interest present in this matter, the Court finds that discovery into the scope of the conflict, as well as discovery regarding the nature, extent, and effect of the conflict on the decision making process is appropriate. Accordingly, the Court HEREBY GRANTS Plaintiff's motion to conduct limited discovery. The Court reminds

2

Plaintiff that "such discovery must be narrowly tailored and cannot be a fishing expedition." *Groom v. Standard Ins. Co.*, 492 F. Supp. 2d 1202, 1205 (C.D. Cal. 2007).

The Court declines to adjudicate any specific discovery request. To the extent the parties are unable to resolve disputes regarding specific discovery requests, pursuant to Civil Local Rule 72-1, the Court HEREBY REFERS this matter to a randomly assigned magistrate judge for resolution of such discovery disputes and for resolution of all discovery matters.

Plaintiff also seeks to augment the administrative record. Pursuant to 29 U.S.C. § 1133, Plaintiff is entitled to a "full and fair review" of LINA's denial of her disability claim. Providing a "full and fair review" requires that claimants be given access to all "information relevant to the claimant's claim for benefits." *See* 29 C.F.R. § 2650.503-1(h)(2)(iii). The regulations define "relevant" to mean all documents, records, or other information that:

> (i) Was relied upon in making the benefit determination;
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2650.503-1(m)(8).

LINA argues that it should not be required to produce its Claim Policy and Procedures ("P&P") because these internal guidelines were not relied upon and are not plan-specific. LINA provides sufficient evidence that its internal guidelines apply generally to all claims, not merely to those arising under the Plan at issue in this case. (Declaration of Richard Lodi, ¶¶ 5-10.) Therefore, the Court DENIES Plaintiff's motion to augment the administrative record with production of LINA's P&P.

///

///

///

3

Defendants agree to produce the summary plan description ("SPD") as requested by Plaintiff and such production shall be made forthwith.

**IT IS SO ORDERED.**

Dated: January 5, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE